IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ALEXANDER,<br>　　　　　Petitioner,<br><br>　　　　v.<br><br>THOMAS McGINLEY,<br>THE DISTRICT ATTORNEY OF THE<br>COUNSEL OF PHILADELPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>　　　　　Respondents. | CIVIL ACTION<br><br><br><br><br>NO.  19-2443 |

MEMORANDUM

**DUBOIS, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**December 9, 2020**

　　　　Currently before the Court is *pro se* petitioner Keith Alexander's Motion Under 28 U.S.C. § 60(b)(6) Application Claim of (Fraud)" in which he essentially alleges that his state criminal sentence is illegal and that he should be resentenced.  (*See* ECF No. 4.) Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed without prejudice to *pro se* petitioner's right to seek authorization to file the Motion from the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I.　　BACKGROUND**

　　　　Keith Alexander was convicted of conspiracy and attempted murder in the Philadelphia Court of Common Pleas and sentenced to twenty-six and a half to fifty-six years of imprisonment.  *See Alexander v. Folino*, Civ. A. No. 10-4331, 2011 WL 6133173, at *1 (E.D. Pa. Sept. 27, 2011), *Report and Recommendation adopted*, 2011 WL 6133167 (E.D. Pa. Dec. 7, 2011).  In 2010, he filed a petition for a writ of habeas corpus in this Court, which was docketed

as Civil Action Number 10-4331 (E.D. Pa.). In that petition, Alexander raised claims based on his arrest warrant and the alleged ineffectiveness of counsel at trial and on collateral review.

Magistrate Judge David R. Strawbridge issued a Report and Recommendation in which he recommended denying the habeas petition on the grounds that Alexander's claims failed on their merits, were not cognizable, or were defaulted. *Alexander*, 2011 WL 6133173, at *8 ("[W]e find that none of petitioner's claims warrant habeas relief, as none of the claims were denied by the state court due to an unreasonable application of federal constitutional law and because Petitioner has failed to establish a basis for the Court to consider his procedurally defaulted claim."). This Court approved and adopted Judge Strawbridge's Report and Recommendation, denied Alexander's petition, and declined to issue a certificate of appealability. *See Alexander*, 2011 WL 6133167, at *1. Alexander appealed that ruling. The United States Court of Appeals for the Third Circuit likewise declined to issue a certificate of appealability. *Alexander v. Folino*, No. 11-4601 (3d Cir. Mar. 14, 2012 Order).

In 2015, Alexander sought and was denied permission from the Third Circuit to file a second or successive habeas petition. *See Alexander v. Folino*, Civ. A. No. 10-4331 (ECF No. 35). In 2018, he filed a motion to vacate the Court's judgment denying his habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(6) based on an allegation of actual innocence. *Id.* (ECF No. 36). This Court denied that motion. *Id.* (ECF Nos. 38 & 39). Alexander appealed that ruling. The Third Circuit denied his request for a certificate of appealability. *See Alexander v. Superintendent Greene SCI*, No. 18-3234 (3d Cir. Jan. 9, 2019 Order). Alexander sought review by the United States Supreme Court but his petition for a writ of certiorari was denied.

In June 2019, Alexander file a second petition for writ of habeas corpus, docketed as *Alexander v. McGinley*, Civil Action Number 19-2443 (E.D. Pa.), which challenged the legality

2

of his sentence. On June 14, 2019, this Court issued an order dismissing the petition for lack of jurisdiction without prejudice to Alexander's right to seek authorization to file a second or successive habeas petition from the Third Circuit. (ECF No. 3.) On the same date, the Clerk of Court docketed Alexander's pending motion, titled "Motion Under 28 U.S.C. 60(B)(6) Application Claim of (Fraud)," in the instant case. (ECF No. 4.) In the Rule 60(b)(6) Motion, Alexander argues, as he did in his second habeas petition, that his sentence is illegal. He invokes Federal Rule of Civil Procedure 60(b)(6) as a basis for requesting resentencing. (*Id.*) As the envelope in which the Rule 60(b)(6) Motion was mailed bears a June 10, 2019 postmark, (*id.* at 10), meaning the Motion was submitted prior to the Court's dismissal of Alexander's second or successive habeas petition without prejudice, it is not clear to the Court that Alexander intended that the Motion be docketed in this case, as opposed to his initial habeas case. Either way, the Motion must be dismissed without prejudice because it is a second or successive habeas petition over which this Court lacks jurisdiction.[1]

## II.    STANDARDS

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

---

[1] While Alexander's Rule 60(b)(6) Motion was pending, he again sought permission from the Third Circuit to file a second or successive habeas petition challenging his sentence on essentially the same grounds alleged in the Motion. The Third Circuit denied that application. *See In re: Alexander*, 19-3763 (3d Cir. Jan. 30, 2020).

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) provides the time within which a Rule 60(b) motion must be filed: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is filed under any other provision. Fed. R. Civ. P. 60(c).

### B.   Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is required because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that, before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid the second or successive gatekeeping mechanism of the AEDPA by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent

AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is inconsistent with the second or successive petition requirements of the AEDPA and, as a consequence, not available to a state prisoner seeking habeas relief. The Court in *Gonzalez* explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also deemed to be asserting a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a Rule 60(b) motion that seeks to present newly discovered evidence in support of a claim that was previously denied is treated as a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

**III.     DISCUSSION**

Pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not have jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion. Thus, the threshold question before the Court is whether Alexander's Rule 60(b) Motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. In his Motion, Alexander argues that his sentence is illegal and seeks habeas relief on that basis. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition. Because Alexander has not obtained authorization to file a second or successive habeas petition from the Third Circuit, this Court lacks jurisdiction to consider the Rule 60(b) Motion.

An appropriate order dismissing Alexander's Rule 60(b) Motion for lack of jurisdiction without prejudice to his right to seek authorization to file the Motion from the United States Court of Appeals for the Third Circuit will issue.